**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GEORGE CLOWNEY,

       *Plaintiff*,

  v.                                                                       Civil Action No. 25-2527 (RDM)

BANK OF AMERICA, N.A.

       *Defendant.*

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff George Clowney, proceeding *pro se*, brings this case against Defendant Bank of America, N.A. asserting various claims related to his former employment with Defendant.[1] Plaintiff first filed his claims in D.C. Superior Court, *see* Dkt. 1-1 (Compl.) and Defendant removed the case to this Court invoking both the Court's diversity and federal question jurisdiction. Dkt. 1 at 2–3. Defendant then moved to dismiss the complaint, *see* Dkt. 7, and Plaintiff, in addition to opposing that motion, *see* Dkt. 15, filed two motions asking that the Court remand the case to D.C. Superior Court, *see* Dkts. 8, 16. Plaintiff has also moved for leave to file an amended complaint. *See* Dkt. 19.

Because the Court concludes that it has subject matter jurisdiction over the dispute, it will **DENY** Plaintiff's motions to remand. The Court will also **GRANT** Plaintiff's motion for leave to file an amended complaint and will, accordingly, **DENY** Defendant's motion to dismiss as moot.

---

[1] Plaintiff brought this case under the name "George Clowney" but has used the name "Kendall Law (formerly George Clowney)" in his most recent filings. *See* Dkt. 19 at 1. If Plaintiff has lawfully changed his name or mistakenly used the name George Clowney in his earlier pleadings, he should file a motion seeking to amend the caption in the case.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's original (and still operative) complaint, Dkt. 1-1 (Compl.), which the Court accepts as true for the purpose of resolving the pending motions to remand.

Plaintiff is a resident of the District of Columbia who was hired to work at Bank of America in September 2022. *Id.* at 2–3 (Compl. ¶¶ 1, 1).[2] Plaintiff's supervisor, Vincent Dorris Jr., allegedly coerced Plaintiff into a non-consensual sexual relationship after telling him that "Plaintiff's career advancement depended on his willingness to engage in sexual acts." *Id.* at 3 (Compl. ¶¶ 2–3). When Plaintiff reported Mr. Dorris to another manager, he was transferred to work with a new supervisor, Murphy Aghedo, but then learned that a Bank of America "Regional Market Executive," Abdul Fahs, was seeking to have Plaintiff fired. *Id.* (Compl. ¶¶ 4–5). Mr. Aghedo allegedly offered protection in exchange for Plaintiff's agreement to "inflate metrics." *Id*. Plaintiff went along with this but was nonetheless terminated on February 28, 2024, and he was subsequently "blacklisted in the financial industry." *Id.* (Compl. ¶ 7). Following his termination, Bank of America failed to pay Plaintiff his owed overtime wages and "improperly interfered with his consumer credit reporting." *Id.* (Compl. ¶ 9).

Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") complaint against Bank of America. *Id.* at 4 (Compl. ¶ 10). In his complaint in this Court, Plaintiff appears to acknowledge that the EEOC complaint was untimely, but he alleges that "tolling should be granted due to extraordinary circumstances—namely, Plaintiff's enrollment in trauma rehabilitation following the events caused by Defendant's actions." *Id.*; *see also id.* at 5–6 (Compl.).

---

[2] Plaintiff's complaint includes multiple paragraphs numbered "1."

Plaintiff then filed his complaint in D.C. Superior Court, asserting the following claims against Bank of America: (1) sexual harassment and coercion under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the D.C. Human Rights Act ("DCHRA"); (2) retaliation and wrongful termination under Title VII and the DCHRA; (3) gender and sexual orientation discrimination under the DCHRA; (4) intentional infliction of emotional distress; (5) negligent hiring, supervision, and retention; (6) unlawful interference with Plaintiff's consumer credit profile in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; and (7) failure to pay earned wages in violation of D.C. law.  Dkt. 1-1 at 4 (Compl.).  Plaintiff requests $300,000 in lost wages, $250,000 in medical expenses, $500,000 for emotional distress, and $100 million punitive damages, among other relief.  *Id.* at 5 (Compl.).

After Plaintiff filed his complaint, Defendant removed the case to this Court under 28 U.S.C. § 1441.  *See* Dkt. 1 at 1–2.  In its Notice of Removal, Defendant averred that this Court had jurisdiction both because the parties were diverse, since Defendant is a citizen of North Carolina, and because Plaintiff's complaint asserted claims under federal statutes.  *Id.* at 2–3. Shortly after removing the case, Defendant moved to dismiss the complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6).  *See* Dkt. 7.  Among other things, Defendant argued that Plaintiff's claims under Title VII were untimely because his original EEOC complaint and subsequent lawsuit were filed beyond the statutory deadlines and Plaintiff had not plausibly alleged a basis for equitable tolling, Dkt. 7-1 at 9–13, that Plaintiff's DCHRA and intentional infliction of emotional distress claims were barred by the statute of limitations, *id.* at 13–15, and that Plaintiff had otherwise failed to state a claim for relief, *id.* at 15–18.

The day after Defendant filed its motion to dismiss, Plaintiff moved to remand the case to D.C. Superior Court, arguing that Defendant was actually a citizen of the District of Columbia,

and that diversity jurisdiction, accordingly, did not apply. Dkt. 8 at 1. In addition, he sought to "withdraw[] and waive[] all federal claims" in order to remove any basis for asserting federal question jurisdiction. *Id.* Plaintiff also opposed Defendant's motion to dismiss, principally renewing his contention that the Court should remand the case to D.C. Superior Court. *See* Dkt. 15.

After Defendant's motion to dismiss was fully briefed, Plaintiff filed an additional motion seeking to amend his complaint to add additional defendants. *See* Dkt. 19. In that motion, Plaintiff asserted that the additional, individual defendants he wished to add were District of Columbia citizens, whose presence in the case would defeat diversity and require remand. *Id.* at 3. Plaintiff also moved, in the alternative, for discovery in the event that the Court were to consider ruling on Defendant's motion to dismiss. *Id.* In his proposed amended complaint, included as an attachment to his motion, Plaintiff seeks to assert claims against Bank of America and several Bank of America employees for: (1) sexual harassment, retaliation, and discrimination under Title VII and the DCHRA; (2) "Wage Violations" under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and D.C. law; (3) violations of the FCRA, (4) intentional infliction of emotional distress; and (5) negligent hiring, supervision, and retention. Dkt. 19-1 at 4–5 (Am. Compl. ¶¶ 24–33). Among other relief, Plaintiff requests over $1,000,000 in compensatory damages. *Id.* at 5.

Defendant's motion to dismiss, Dkt. 7, Plaintiff's two motions to remand, Dkts. 8, 16, and Plaintiff's motion for leave to file an amended complaint (and for remand), Dkt. 19, are now before the Court.

## II. LEGAL STANDARD

A defendant may remove a case to federal court if the federal court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" back to state—or, in this case, district—court.  *Id.* § 1447(c).

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may also move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).  A court must consider the whole complaint, accepting factual allegations as true and construing all reasonable inferences in favor of the plaintiff.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  But a court "need not accept as true 'a legal conclusion couched as a factual allegation,' nor inferences that are unsupported by the facts set out in the complaint."  *Laughlin v. Holder*, 923 F. Supp. 2d 204, 209 (D.D.C. 2013) (quoting *Trudeau v. F.T.C.*, 456 F.3d 178, 193 (D.C. Cir. 2006)).

Once a motion to dismiss under Rule 12(b)(6) has been filed, the plaintiff may amend the complaint once, as a matter of right, within 21 days after service of the motion.  Fed. R. Civ. P. 15(a)(1)(B).  Otherwise, a party may amend a pleading with leave of the court, and "[t]he court should freely give leave when justice so requires."  *Id*. 15(a)(2).

In applying these standards, moreover, courts must be mindful that *pro se* filings are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation modified).

### III. ANALYSIS

**A.    Motions to Remand**

The Court begins with Plaintiff's two motions to remand the case to D.C. Superior Court, *see* Dkts. 8, 16, both of which are premised on the allegations contained in Plaintiff's original complaint.  The Court concludes that it had jurisdiction at the time the case was removed and that no intervening event has divested the Court of jurisdiction.

First, Plaintiff's original complaint asserts claims under two federal statutes: Title VII and the FCRA.  Dkt. 1-1 at 4 (Compl.).  Those claims suffice to establish this Court's subject matter jurisdiction over the dispute.  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  It is true that, in his first motion to remand, Plaintiff "formally withdr[ew] and waiv[ed] all federal claims, leaving only local statutory and common law causes of action."  Dkt. 8 at 1.  Such a withdrawal might well deprive this Court of federal question jurisdiction, *see Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 44 (2025) (A plaintiff's "deletion of all federal claims deprive[s] the District Court of federal[]question jurisdiction."), but that would still not result in a remand to D.C. Superior Court because the Court would retain diversity jurisdiction.  Plaintiff, a resident (and thus, presumably, a citizen) of the District of Columbia, Dkt. 1-1 at 2 (Compl. ¶ 1), brought his claims against Bank of America—which, as he concedes in his complaint, is headquartered in North Carolina, *id.* at 3 (Compl. ¶ 3)—and he sought over $1,000,000 in compensatory damages, *id.* at 5 (Compl.); *see also* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions [between citizens of different states] where the matter in controversy exceeds the sum or value of $75,000.").

In his motions to remand, Plaintiff objects that Bank of America is a citizen of the District of Columbia because it engages in business in the District.  Dkt. 8 at 2; Dkt. 15 at 5.  The

test for citizenship is not, however, where Defendant—a national bank—happens to have "established a branch," but where "its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); *see also* 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."). Defendant has represented that its main office is in North Carolina, Dkt. 1 at 2, and Plaintiff does not appear to dispute the point.[3]

Because the Court has diversity jurisdiction over the dispute, as framed in Plaintiff's original complaint, the Court will deny Plaintiff's motions for remand, Dkts. 8, 16.

**B.      Motion for Leave to File Amended Complaint**

The Court next turns to Plaintiff's motion for leave to file an amended complaint, Dkt. 19, which, although filed after Defendant's motion to dismiss, Dkt. 7, is logically antecedent because, if the Court were to grant Plaintiff leave to amend, it would then deny the motion to dismiss the prior complaint as moot. Defendant filed its motion to dismiss on August 11, 2025, *see* Dkt. 7, and the Court received Plaintiff's motion for leave to amend on August 29, 2025, Dkt. 19 at 1. Although the parties do not address the issue, it appears that Plaintiff filed for leave to amend his complaint within 21 days after service of the Rule 12(b) motion and that, accordingly, he was entitled to amend "as a matter of course," Fed. R. Civ. P. 15(a)(1). But even if Rule 15(a)(1) did not apply, the Court would still grant Plaintiff's motion for leave to amend because it was promptly filed, Plaintiff is proceeding *pro se*, Rule 15 instructs courts to "freely

---

[3] Because Defendant is a citizen of North Carolina, Plaintiff's alternative argument that Defendant was forbidden from invoking the removal statute under the "forum-defendant rule," Dkt. 8 at 2; *see* 28 U.S.C. § 1441(b)(2), is likewise unavailing.

give leave [to amend] when justice so requires," *id.* 15(a)(2), and the pending motion is Plaintiff's first request to amend before this Court.[4]

Defendant objects that any amendment would be futile, largely repeating the arguments included in its motion to dismiss Plaintiff's prior complaint. *See* Dkt. 20 at 8–20. Many of Defendant's arguments appear at least colorable, but the Court is unpersuaded that each of the claims contained in Plaintiff's proposed amended complaint is so obviously futile that no further proceedings are justified. Although Defendants might ultimately convince the Court that Plaintiff's amended complaint fails as a matter of law—at least with respect to Bank of America—the Court concludes that this question will be better (and more efficiently) presented in the context of a "properly filed and fully briefed motion to dismiss," *Stonehill v. U.S. Dep't of Just. Tax Div.*, No. 19-cv-3770, 2022 WL 407145, at *4 (D.D.C. Feb. 10, 2022) (citation modified), after the new parties have been served and have appeared.

Finally, the Court will deny Plaintiff's request to remand the case to D.C. Superior Court despite his amended complaint's inclusion of non-diverse parties. *See* Dkt. 19 at 3. Plaintiff's amended complaint asserts claims under Title VII, the Fair Labor Standards Act, and the Fair Credit Reporting Act, Dkt. 19-1 at 4 (Am. Compl. ¶¶ 24–29), despite Plaintiff's previous representation that he was withdrawing his federal statutory claims, and, therefore, the Court retains federal question jurisdiction over the dispute.

---

[4] Plaintiff did move to amend his complaint in D.C. Superior Court, *see* Dkt. 1-6, which the Superior Court granted, *see* Dkt. 1-7, but Plaintiff did not actually file an amended complaint either before or after the case was removed to this Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions to remand, Dkts. 8, 16, are hereby

**DENIED**, Plaintiff's motion for leave to file an amended complaint and to remand, Dkt. 19, is

hereby **GRANTED** in part and **DENIED** in part, Defendant's motion to dismiss, Dkt. 7, is

hereby **DENIED** as moot, and Plaintiff's amended complaint, Dkt. 19-1, is **DEEMED FILED**.

Absent further order of the Court, Defendant shall answer or otherwise respond to the amended

complaint on or before March 27, 2026.[5]  Plaintiff is directed promptly to effect service on the

additional Defendants and to file proof of service thereafter.

  **SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  March 9, 2026

---

[5] Because Plaintiff's amended complaint adds additional defendants, the Court will entertain a motion to stay Defendant's deadline to answer or otherwise respond to the complaint until the new defendants have been served, in the event that Defendant wishes to file such a motion.